IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT D. LOCKWOOD,<br>Plaintiff, | § § § | |
| v. | § § | NO. 3:20-cv-522-N (BT) |
| LORIE DAVIS, *Director*, TDCJ-CID,<br>Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert D. Lockwood, a state prisoner, filed this *pro se* civil action alleging violations of his civil rights. For the following reasons, the Court should dismiss the complaint for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Lockwood did not pay the filing fee or file a motion to proceed *in forma pauperis* in this case. He also did not file his complaint on the proper form. On April 22, 2020, the Court sent Lockwood a notice of deficiency, which ordered him to pay the filing fee or file a motion to proceed *in forma pauperis* and to submit his claims on the court-approved form within 30 days. On May 27, 2020, the notice of deficiency was returned to the Court as undeliverable.  Lockwood has failed to provide the Court with any alternative address.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the

1

federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Lockwood has failed to comply with the Court's order to either pay the filing fee or file a motion to proceed *in forma pauperis* and to submit his claims on a court-approved form. He has also failed to provide the Court with a current address, so the Court is unable to contact him. This litigation cannot proceed until he provides the Court with his current address and cures the deficiencies identified in the Court's prior order. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

### III.

For the foregoing reasons, the Court should dismiss the complaint for want of prosecution under Fed. R. Civ. P. 41(b).

Signed June 15, 2020.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).